**STATE of Minnesota, Appellant,**

**v.**

**Joseph Grinnel CIZL, Respondent.**

No. 81–245.

Supreme Court of Minnesota.

April 17, 1981.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., Steven De Coster, Asst. County Atty., St. Paul, for appellant.

C. Paul Jones, Minnesota State Public Defender, Mollie Raskind, Deputy Public Defender, Minneapolis, for respondent.

SHERAN, Chief Justice.

This appeal by the state,[1] pursuant to Minn.Stat. § 244.11 (1980) permitting appellate review by either the state or the defendant of a sentence in a criminal case, is from defendant's sentence to a stayed gross misdemeanor term of 12 months in the workhouse for the felony offense of burglary, Minn.Stat. § 609.58, subd. 2(3) (1980).

We vacate the sentence and remand for resentencing.

Defendant was caught in the act of burglarizing a business. He was intoxicated at the time. He claimed that he had no intent to commit any crime inside the building but a district court jury rejected his version of the events and found him guilty of the burglary charge, an offense which carries a maximum sentence of 5 years in prison and a $5000 fine.

The severity level of this offense under the Guidelines is four and defendant had a criminal history score of zero. The presumptive sentence for one with this history who commits an offense of this severity level is a stayed felony sentence of 1 year and 1 day.

The presentence investigation report recommended that the trial court follow the Guidelines and sentence defendant to a year and a day in prison with the sentence being stayed and defendant being placed on 5 years' probation, the first 90 days to be spent in the workhouse, possibly under the Huber Law.

The trial court departed from the presumptive sentence by sentencing defendant to a 1–year term in the workhouse and a $750 fine, with the workhouse term being stayed and defendant placed on 2 years' probation and with defendant facing 6 months in the workhouse if he did not pay the fine by a certain date. The trial court recognized that this was a departure but justified the departure on the ground that defendant had a clean record, that he was intoxicated at the time of the offense, and that the interests of the public and defendant would not be served by defendant being labeled a felon.

Section III.A.1. of the Guidelines provides that, when the presumptive sentence is a stayed sentence, the sentencing judge has the option of using either a stay of imposition or a stay of execution.[2] If the sentenc-

---

1. With respect to the constitutionality of a government appeal of a criminal sentence, see *United States v. DiFrancesco*, —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

2. However, the Commission "recommends" that a stay of imposition "be used as the means of granting a stayed, sentence for felons convicted of lower severity offenses with low criminal history scores," and "that convicted felons

ing judge uses a stay of execution, then "the duration of prison sentence shown in the appropriate cell is pronounced, but its execution is stayed." *Ibid.* If the judge uses a stay of imposition, then "the duration of the prison sentence in the appropriate cell is not pronounced and the imposition of the sentence is stayed." *Ibid.* In either case, the judge may "establish conditions which are deemed appropriate for the stayed sentence, including establishing a length of probation, which may exceed the duration of the presumptive prison sentence."

The Comments to Section II.C. explain this in detail and specify what constitutes a departure in this context:

II.C.03. When a stay of execution is given, the presumptive sentence length shown in the appropriate cell should be pronounced, but its execution stayed. If the sentence length pronounced, but stayed, differs from that shown in the appropriate cell, that is a departure from the guidelines.

II.C.04. When a stay of imposition is given, no sentence length is pronounced, and the imposition of the sentence is stayed to some future date. If that sentence is ever imposed, the presumptive sentence length shown in the appropriate cell should be pronounced, and a decision should be made on whether to execute the presumptive sentence length given. If the sentence length pronounced at the imposition of the sentenced differs from that shown in the appropriate cell of the Sentencing Guidelines Grid, that is a departure from the guidelines.

II.C.05. If an offender is convicted of a felony, and no stayed sentence is given under Minn.Stat. §§ 609.13 through 609.-14, and the judge imposes or stays a misdemeanor or gross misdemeanor sentence, that is a departure from the guidelines.

be given one stay of imposition, although for very low severity offenses, a second stay of imposition may be appropriate." *Ibid.*

In this case the trial judge chose to impose a gross misdemeanor sentence of 1 year and stay execution of it. As the Comments quoted above indicate, this was a departure, and the trial judge, aware of this, termed the sentence a departure.

Since the sentence imposed was a departure, the issue becomes whether there were mitigating circumstances present which constituted "substantial and compelling circumstances" justifying the departure. We hold that they were not. Defendant's clean record could not be a factor in justifying departure because that factor, in the form of defendant's criminal history score of zero, was already taken into account by the Guidelines in establishing the presumptive sentence. Defendant's voluntary intoxication also could not be relied upon as a mitigating factor. The Guidelines specifically exclude voluntary intoxication as a mitigating factor. II.D.2.a.3. Finally, the trial court's belief that it was not in the public interest or in defendant's interest that defendant have a felony record was merely a restatement of the result which the trial court desired.

The purpose of the trial judge's departure, which was to avoid burdening the defendant with a felony criminal record, could be substantially accomplished by staying the imposition of sentence rather than by staying execution of sentence.[3] If the court were to use this approach and if defendant successfully completed probation, then (a) under Minn.Stat. § 609.13, subd. 1 (1980) the conviction, although for a felony, would be deemed to be for a misdemeanor, and (b) under Section II.B.1.d and Comment II.B.105 of the Guidelines the offense would be counted as a felony for purpose of computing defendant's criminal history score only for 5 years from the date of discharge or expiration of stay, after which it would be deemed a misdemeanor.

We vacate the sentence imposed and remand the case to the district court for re-

3. If the trial court on remand were to stay imposition of sentence, the court could not order the fine but could otherwise attach conditions to the probation.

sentencing for imposition and stay of execution of a 1 year and 1 day sentence or for stay of imposition of sentence, either alternative being upon such terms and conditions of probation as the trial court may determine.

Remanded for resentencing.