STATE of Minnesota, Appellant (81–246), Respondent (81–143),

v.

George Earl JOHNSON, Respondent (81–246), Appellant (81–143).

Nos. 81–143, 81–246.

Supreme Court of Minnesota.

Jan. 15, 1982.

Richard H. Knutson, County Public Defender, St. Paul, for Johnson.

Warren Spannaus, Atty. Gen., Thomas W. Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for the State.

YETKA, Justice.

These are consolidated appeals, defendant's from his judgment of conviction of possessing hashish, the state's from sentence. We affirm defendant's conviction but remand for resentencing in accordance with our opinion in *State v. Cizl*, 304 N.W.2d 632 (Minn.1981), which was filed after the sentencing in this case.

Defendant's conviction was based on evidence discovered in the search of defendant's person incident to a custodial arrest of defendant for violating a St. Paul ordinance prohibiting the carrying in public of an assault weapon. St. Paul Legislative Code § 225 (1981). When the court denied defendant's motion to suppress on Fourth Amendment grounds, defendant waived his right to a jury trial and submitted the issue of guilt to the trial court on stipulated facts.

1. Defendant's appeal challenges the ruling on his motion to suppress. Defendant contends that his arrest was illegal because (a) the arresting officers did not have probable cause to believe that he violated the weapons ordinance and (b) the arrest was for a misdemeanor that did not occur in the officers' presence.

The arrest occurred after the officers spotted defendant walking in downtown St. Paul wearing a knife sheath on his belt. Suspecting that defendant possessed an assault weapon in violation of the ordinance, the officers stopped defendant and made him place his hands against the wall of a building while they seized and examined the knife. As they were examining the knife, defendant removed one of his hands from the wall without permission and the officers feared defendant might have another weapon on his person or that he might not cooperate. Unable to measure the knife's blade but believing that it was over 4 inches long and therefore in violation of the ordinance, the officers concluded that they had probable cause to seize the knife and arrest defendant. Normally they would have issued a citation but because of their fears that defendant might be armed and might not cooperate with them if they attempted to issue the citation, they decided to take defendant to the station, which was several blocks away. Searching defendant before putting him in the squad car, the officers found the hashish which formed the basis of defendant's conviction.

Once at the station they obtained a ruler, measured the knife and determined that it was not longer than 4 inches as they had believed but that it was just over 3 inches long. Defendant was therefore never charged with violating the weapons ordinance.

The test of probable cause to arrest is whether the objective facts are such that under the circumstances "a person of ordinary care and prudence [would] entertain an honest and strong suspicion" that a crime has been committed. *State v. Carlson*, 267 N.W.2d 170, 173 (Minn.1978). The fact that it later turns out that the officers were wrong does not mean that they did not have probable cause at the time they made their assessment.

Here the defendant introduced evidence that one or two months before the arrest he had asked a police sergeant. if the knife was legal. That officer testified that he had measured it, found that it was not in excess of 4 inches, and told defendant that it was legal to carry it. On cross-examination, however, that officer testified that he had had to actually measure the knife in order to determine for certain that it was not too long. In view of this and the fact that the officers who arrested defendant had to make their probable cause assessment in the field and on the spot, without the benefit of a ruler, we believe that the trial court's determination that the officers acted reasonably must be upheld.

2. The state's appeal from the sentence was pending at the time we decided the identical sentencing issue in *State v. Cizl*, 304 N.W.2d 632 (Minn.1981). The presumptive sentence in this case, as in *Cizl*, was a stayed felony sentence of one year and one day. This was based on defendant's having a criminal history score of two and committing a severity level I offense. As in *Cizl*, the trial court used a stayed gross misdemeanor sentence (one year in the workhouse stayed and two years probation conditioned on defendant spending the first 6 months in the workhouse and participating in treatment) instead of the stayed felony sentence established by the Sentencing Guidelines. Since there were no mitigating factors or substantial and compelling circumstances to justify this departure, we vacate the sentence imposed and remand for resentencing (imposition and stay of execution of a one year and one day sentence or stay of imposition of sentence).

Remanded for resentencing.