STATE of Minnesota, Respondent,

v.

Marie OKA, Appellant.

No. C3-83-976.

Supreme Court of Minnesota.

Oct. 26, 1984.

C. Paul Jones, Public Defender, Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

KELLEY, Justice.

Defendant was charged in Ramsey County with one count of felony theft by wrongfully obtaining assistance (AFDC and medical assistance) in an amount over $2,500 and one count of felony theft by wrongfully obtaining assistance (food stamps) in an amount over $150, Minn.Stat. §§ 256.98, 393.07, subd. 10(a), and 609.52, subd. 3(1) and (2) (1982). The charges covered the period from January 1, 1979 through June 30, 1982. Defendant waived her right to a jury trial and was found guilty by the trial court of both charges. The court sentenced her to 1 year and 1 day in prison but stayed execution for 3 years, with probation conditioned on defendant's making restitution of at least $2,055. On appeal, defendant seeks (1) an outright reversal of her convictions because the state failed to prove that she intentionally concealed a material fact or knew she was not entitled to the assistance she received or (2) a substitution of a stay of imposition for the stay of execution. There is no merit to either contention. (1) The state's evidence established (a) a pattern of intentional concealment by defendant from welfare officials of information that was relevant to a determination of her eligibility for benefits and (b) that as a result of the concealment of this information defendant received benefits which she knew she was not entitled to receive. (2) The sentencing court had the option of using either a stay of imposition or a stay of execution of sentence. Minnesota Sentencing Guidelines & Commentary III.A.1. and III.A.101. (1982); *State v. Cizl*, 304 N.W.2d 632 (Minn.1981). There is no compelling reason why we should interfere with the trial court's choice of a stay of execution rather than a stay of imposition. *State v. Kindem*, 313 N.W.2d 6 (Minn. 1981).

Affirmed.