**STATE of Minnesota, Respondent,**

v.

**David M. STOFFEL, Appellant.**

**No. C9–85–2090.**

Court of Appeals of Minnesota.

June 10, 1986.

Review Granted July 31, 1986.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Larry K. Mickelberg, Clay Co. Atty., Moorhead, for respondent.

William Kirschner, Kirschner & Baker Legal Clinic, Fargo, N.D., for appellant.

Considered and decided by HUSPENI, P.J., and LESLIE and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Defendant appeals his conviction of aiding and abetting another in fraudulently obtaining welfare benefits, claiming the evidence was insufficient. We affirm.

## FACTS

The parties stipulated to the facts in this case. Appellant David M. Stoffel and Robin Hagen are the parents of three children. Between April 1984 and April 1985, appellant lived with Hagen in her home. Public assistance was provided to Hagen's household during that time on the basis that the children's father was not present in the home. Appellant did not misrepresent his situation to the authorities, but Hagen did. Because of this misrepresentation, Hagen received monthly benefits of between $500 and $785 to support herself and her children. Appellant was aware that public assistance benefits were being provided to his family and he indirectly shared in the benefits. He did not, however, directly receive any cash as a result of the benefits provid-

ed. During this time, appellant was employed and paid child support of $150 per month to the county.

When county authorities learned that appellant was living with Hagen, appellant was charged with aiding and abetting Hagen in wrongfully obtaining welfare benefits. On the stipulated facts, the court found appellant guilty.

## ISSUE

Is the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

In reviewing the sufficiency of evidence, this court is limited to ascertaining whether the trial court could reasonably conclude that the defendant was guilty of the offense, given the facts in the record and the legitimate inferences that can be drawn from these facts. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978); *State v. Nash*, 342 N.W.2d 177, 179 (Minn.Ct.App.1984).

To convict appellant of aiding and abetting another in fraudulently obtaining welfare benefits, the State needed to prove two elements beyond a reasonable doubt. First, Hagen must have obtained by means of a false statement assistance to which she was not entitled. Second, appellant must have aided or abetted Hagen in obtaining the assistance. *See* Minn. Stat. § 256.98 (1984). The first element is clearly met because Hagen admitted wrongfully obtaining assistance by falsely informing the authorities that the children's father did not live in the home. The controversy concerns the second element.

A person is guilty of aiding and abetting another when that person "intentionally aids, advises, hires, counsels, or conspires with or otherwise procures the other to commit the crime." Minn. Stat. § 609.05, subd. 1 (1984). A person may aid and abet another without actively participating in the criminal act. *State v. Parker*, 282 Minn. 343, 355, 164 N.W.2d 633, 641 (1969). The person must encourage the other to act; merely failing to act to prevent the

other from committing the crime is not enough to impose liability. *State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981). However, if the defendant plays at least some knowing role in the commission of the crime and takes no steps to thwart its completion, the jury may properly infer the necessary intent to aid and abet. *State v. Strimling*, 265 N.W.2d 423, 429 (Minn. 1978).

Appellant contends that he did not play enough of an active role in the crime to be guilty of aiding and abetting. He admits that he knew benefits were being received but he argues that the evidence did not show he actively counseled, aided, or assisted Hagen in committing the offense. He argues he was merely a passive observer who neither encouraged nor instigated Hagen's offense. Therefore, he argues the State did not prove his guilt beyond a reasonable doubt.

Appellant relies on *Ulvinen*, 313 N.W.2d 425, in which the defendant's son killed and dismembered his wife. The defendant knew that her son intended to kill his wife, and there was testimony that the defendant actually told him that she thought it would be best for his children if he did kill her. Although defendant was asleep when the murder took place and took no active part in dismembering her body, she was awake while her son was dismembering the body and went upstairs to intercept the children if they awoke. She also later cooperated with her son by cleaning the bathroom and corroborating her son's story.

In discussing aiding and abetting, the supreme court stated that Minn. Stat. § 609.05, subd. 1 "implies a high level of activity on the part of an aider and abettor in the form of conduct that encourages another to act. Use of terms such as 'aids,' 'advises,' and 'conspires' requires something more of a person than mere inaction to impose liability as a principal." *Id.* at 428. The court further stated that the statute "imposes liability for actions which affect the principal, encouraging him to take a course of action which he might not otherwise have taken." *Id.* The court

reversed the conviction, determining that "[t]he evidence presented to the jury at best supports a finding that appellant passively acquiesced in her son's plan to kill his wife."

Respondent relies on *Strimling*, 265 N.W.2d 423, in which the defendants fraudulently extracted assets from a nursing home they owned and diverted the assets to personal use. The value of these assets appeared in the corporation's books as artificially inflated operating costs, which in turn was reflected in a fraudulent mandatory report of costs to the Department of Public Welfare. Although the defendants did not prepare or sign the fraudulent report and were not specifically aware of the contents of the report, the supreme court upheld their conviction for aiding and abetting. The court reasoned that "[w]here the accused plays at least some knowing role in the commission of the crime and takes no steps to thwart its completion, the jury may properly infer the requisite mens rea for a conviction of aiding and abetting." *Id.* at 429. The court further stated, "[o]ur reading of the trial record persuades us that there was more than ample evidence from which the jury could have inferred defendants' knowledge [of the fraudulent report]." *Id.*

We believe the evidence in the present case supports a finding that appellant aided and abetted in the offense. Appellant and Hagen were intimately related because they lived together and had three children. Appellant knew of the benefits and shared in those benefits. The benefits, ranging from $500 to $785 per month, constituted a substantial percentage of the household income. Because of the nature of their relationship and because of the substantial nature of the fraud, the court was justified in inferring that appellant knew and aided in the commission of the crime.

## DECISION

The evidence is sufficient to sustain appellant's conviction for aiding and abetting.

Affirmed.