STATE of Minnesota, Respondent,

v.

David STOFFEL, Petitioner, Appellant.

No. C9–85–2090.

Supreme Court of Minnesota.

Aug. 29, 1986.

William Kirschner, Fargo, N.D., for appellant.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, for respondent.

## OPINION

AMDAHL, Chief Justice.

We granted the petition of defendant for review of the decision of the Court of Appeals, 388 N.W.2d 761, affirming his conviction of aiding and abetting the mother of his children in fraudulently obtaining welfare benefits, Minn.Stat. § 256.98 (1984).[1] Concluding that the evidence was insufficient to sustain the conviction, we reverse.

After the trial court denied defendant's motion to dismiss the complaint for lack of probable cause, defendant waived his right to a jury trial and agreed with the prosecutor to submit the issue of guilt to the trial court on the basis of stipulated facts, basically the same facts on which the motion to dismiss was decided. The parties stipulated to the following facts:

1. That between April, 1984 and April, 1985 the Defendant was present in the home of Robin Hagen and her three children, Derick, Melissa, and Jessica.

2. That the Defendant is the father of Derick, Melissa, and Jessica.

3. That public assistance was provided to this household on the basis that the father of Derick, Melissa and Jessica, was not present in Robin Hagen's home.

4. That the Defendant was aware of public assistance benefits being provided to his family and in fact shared in the use of those benefits by being a member

---

1. The statute provides:

A person who obtains, or attempts to obtain, or aids or abets any person to obtain by means of a wilfully false statement or representation, by intentional concealment of a material fact, or by impersonation or other fraudulent device, assistance to which he is not entitled or assistance greater than that to which he is entitled * * * is guilty of theft and shall be sentenced pursuant to section 609.52, subdivision 3, clauses (1), (2) and (5).

of the household without contributing to the rental of the family dwelling.

5. That Defendant received no cash as a result of public assistance benefits provided to his family.

6. That Defendant was employed and paid child support of $150 per month to Clay County Social Services. Robin Hagen and children received a grant of $500 to $785 per month from Clay County Social Services.

7. That Defendant did not misrepresent his situation to Clay County Social Services.

8. That Robin Hagen did misrepresent her situation to Clay County Social Services.

The trial court found defendant guilty as charged but deferred sentencing "until the Defendant's appeal is taken and this Court's decision is upheld." The Court of Appeals upheld the decision.

Defendant was convicted of intentionally aiding Hagen in wrongfully obtaining assistance. The elements of this offense are that defendant actually knew that Hagen was wrongfully obtaining assistance and that he intentionally aided her in doing this. *State v. Levingston*, 361 N.W.2d 61 (Minn. 1985); *State v. Oka*, 356 N.W.2d 676 (Minn. 1984); *State v. Ibarra*, 355 N.W.2d 125 (Minn.1984).

We conclude that the stipulation does not contain sufficient evidence to remove all reasonable doubt as to defendant's guilt. Reading the stipulation leaves one with a reasonable doubt as to whether defendant would know, unless he was specifically told, that his presence in the home made Hagen ineligible for the benefits. The stipulation also leaves one with a reasonable doubt as to whether Hagen, who knew that defendant's presence rendered her ineligible, concealed this information from him. Finally, there is nothing in the stipulation to suggest that defendant *did* anything to help Hagen obtain the benefits—*e.g.*, that he encouraged her to apply knowing that she was ineligible or that he concealed his

presence in the home in order to make the fraud succeed.

Reversed.