**STATE of Minnesota, Respondent,**

v.

**Charles Michael SWANSON, Appellant.**

**No. C7-86-1479.**

Court of Appeals of Minnesota.

April 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Co. Atty., Darrell C. Hill, Asst. Ramsey Co. Atty., St. Paul, for respondent.

Douglas F. McGuire, Murrin Metro Legal Clinic, Brooklyn Center, for appellant.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## MEMORANDUM OPINION

SEDGWICK, Judge.

Appellant Charles Swanson sold a large quantity of class rings to a metals dealer who notified the police. Several of the rings were stolen. Appellant pled guilty to a charge of retaining stolen goods. He stated at his guilty plea hearing that he possessed the rings without the consent of the owners and that he did not intend to give them back. He stated on the record that he understood he was pleading guilty to a felony. His counsel testified she told Swanson it was a felony conviction.

Appellant changed counsel and moved to withdraw the guilty plea. That motion was denied and he was sentenced to 13 months with a stay of execution and 5 years probation on condition he serve 30 days in jail.

## DECISION

Minn.R.Crim.P. 15.05, subd. 2., provides: In its discretion the court may * * * allow the defendant to withdraw his plea at any time before sentence if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

The trial court's decision will not be disturbed absent a clear abuse of discretion. *State v. Hemmings*, 371 N.W.2d 44, 46 (Minn.Ct.App.1985).

Swanson was asked twice if he understood that the charge he was pleading to was a felony and he stated he understood.

The trial court did not abuse its discretion in denying Swanson's motion to withdraw his plea. "After a guilty plea has been entered and accepted, there is no absolute right to withdraw it." *State v. Robinson*, 388 N.W.2d 43, 45 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. July 31, 1986).

Minnesota Sentencing Guideline III A.1 states,

The Commission recommends that stays of imposition be used as the means of granting a stayed sentence for felons convicted of lower severity offenses with low criminal history scores.

The use of stays of imposition or execution are at the trial court's discretion. *Minnesota Sentencing Guidelines and Commentary*, III A.101.

Swanson has a criminal history score of 1 from a prior theft. The court declined to stay imposition of sentence based on the prior history. In *State v. Oka*, 356 N.W.2d 676, 677 (Minn.1984), the supreme court could find "no compelling reason why we should interfere with the trial court's choice of a stay of execution rather than a stay of imposition." We find no compelling interest in this case either.

Affirmed.