STATE of Minnesota, Respondent,

v.

Henry Junior WILLIAMS, Appellant.

No. C4–87–560.

Court of·Appeals of Minnesota.

Dec. 1, 1987.

Hubert H. Humphrey, III, Att. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., St. Paul, for respondent.

C. Paul Jones, Public Defender, Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Henry Williams challenges the sufficiency of evidence to corroborate testimony of an accomplice. He was convicted of aiding and abetting aggravated forgery. Minn.Stat. § 609.05, subds. 1, 4; § 609.625, subd. 1(1) (1986).

## FACTS

Appellant accompanied his girlfriend Tracy Rathman on a trip to the Worthington, Minnesota, area the weekend of May 17 and 18, 1986. During this trip Rathman passed a number of checks with a false signature. Rathman testified Williams supplied her with the checks, belonging to a "Donna Kramer." Her testimony thoroughly implicated Williams in the offense. The issue, however, is whether Rathman's testimony was sufficiently corroborated. *See* Minn.Stat. § 634.04 (1986) ("A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict").

Clayton Johnson, the owner of the Best Western Motel in Worthington, testified he rented a double room to "Donna Kramer" on May 17, 1986. Johnson saw another person in Rathman's car, but admitted he could not identify the person as Williams.

Shawn Elsing, an employee of a music store, testified he saw Rathman and Williams enter the store on Sunday, May 18, and shop around for about 20 minutes. He testified Williams brought some tapes up to the counter, and returned one to the display in exchange for another. He recalled Rathman picked out three tapes and Williams four tapes. He also testified Williams walked up to the counter while Rathman had the checkbook open but was not there when she finished signing the check. A note sheet on which Elsing had crossed out the exchanged tape was introduced as an exhibit.

Tony Anderson, an employee at Worthington Radio Shack, testified that Williams and Rathman entered the store on May 18 and he showed Williams some boosters for his car. Williams also picked out some speaker grills and a switch cleaner and Rathman paid for the merchandise with a check. Anderson testified Williams was standing next to Rathman when she wrote out the check. He recalled there was talk between the two that the merchandise was a birthday present for Williams.

Rathman also passed checks drawn on the Donna Kramer account at other businesses the same weekend. Williams testified he accompanied her during the purchases at Kentucky Fried Chicken, K–Mart and Shopko. He testified that he picked out a pair of speakers for himself at K–Mart.

Williams testified he had been living with Rathman for three weeks to a month in Estherville, Iowa, where they both worked at the same company. Rathman testified she had known Williams about 2½ months and had lived with him for a week.

## ISSUE

Was there sufficient evidence corroborating the accomplice's testimony to sustain the conviction?

## ANALYSIS

The evidence against appellant is sufficient if, viewed in a light most favorable to the state, it could lead the jury to reasonably conclude, having due regard for the state's burden of proving appellant's guilt beyond a reasonable doubt, that appellant was guilty. *State v. Merrill,* 274 N.W.2d 99, 111 (1978).

a. Elements of offense.

■ Williams may be convicted of aiding and abetting aggravated forgery if he played "at least some knowing role" in commission of the offense. *State v. Strimling,* 265 N.W.2d 423, 429 (Minn. 1978) (accomplice liability for making a false claim to a public body). Active participation in the overt act is not required. *Id.; State v. Parker,* 282 Minn. 343, 356–57, 164 N.W.2d 633, 641–42 (1969) (aiding in aggravated robbery which occurred in car in

which defendant was riding with his companions, who committed the offense).

■ Mere presence at the scene of the crime may be sufficient to sustain a conviction for aiding and abetting. *Parker*, 282 Minn. at 355, 164 N.W.2d at 641. In *Parker*, however, defendant's companions committed a brutal beating in an automobile occupied by defendant. Uttering a forged check is not so public or noticeable an act that mere presence would sustain a conviction. *Cf. State v. Morgan*, 290 Minn. 558, 561, 188 N.W.2d 917, 919 (1971) (indicating defendant's transporting presenter of forged checks to places of business was sufficient, although there was other evidence of defendant's knowing participation). Williams' presence may nonetheless provide corroborative evidence.

In *Morgan*, the defendant was present when the forgery scheme was planned and the checks prepared for presentation. He then drove the presenter of the checks to various businesses where she attempted to cash them. He entered two of the stores. Some of the money obtained was given to a companion of the defendant. When the final attempt was delayed, the defendant urged the presenter to leave, and attempted to flee when police arrived. He also gave a false name to police on the scene, and the remaining forged checks were found under his seat in the car. *Id.* at 561, 188 N.W.2d at 919.

The *Morgan* court did not address the issue of accomplice corroboration. The court noted there was sufficient evidence that defendant aided in the commission of the offense, and that he "intentionally conspired with Mary Ann to commit the crime." *Id.* Nevertheless, the court indicated that defendant's transporting the presenter of the checks was alone sufficient to sustain the conviction. *Id.*

If it is questionable whether merely accompanying or transporting a presenter of forged checks indicates knowledge of the forgery, as indicated by language in *Morgan*, the circumstances of the trip may also be considered. The *Morgan* defendant and the presenter drove to a series of business-es, apparently all in the vicinity of defendant's residence.

b. Corroborative proof.

■ Tracy Rathman's testimony implicates appellant in (1) furnishing check blanks to her for forgeries, (2) telling Rathman to commit the crimes, and (3) knowing that the forgeries were occurring. Although corroborative evidence was more circumstantial, it was sufficient to support Rathman's testimony to show that appellant aided in committing forgery.

Appellant and Rathman went on a spending spree such as in *Morgan*. Williams spent none of his own money towards their purchases. The state showed not only Williams' presence during the forgeries, but his relationship with Rathman and his share in the proceeds. *See State v. Parker*, 282 Minn. at 355–56, 164 N.W.2d at 641–42 (defendant's close association with robbers and fact he fled in car stolen from the victim tended to establish his participation). The state also showed that appellant participated in picking out and presenting merchandise to clerks for purchases.

■ A defendant cannot be convicted on the uncorroborated testimony of an accomplice. Minn.Stat. § 634.04 (1986). Rathman pleaded guilty to one count of aggravated forgery, and was sentenced to time served (13 days) as part of a plea bargain which included her agreement to testify against Williams.

Evidence corroborating the accomplice's testimony

is sufficient if it restores confidence in the accomplice's testimony, confirming its truth and pointing to the defendant's guilt in some substantial degree.

*State v. Houle*, 257 N.W.2d 320, 324 (Minn. 1977). Evidence to corroborate an accomplice's testimony need not be such as would establish a *prima facie* case. *State v. Jones*, 347 N.W.2d 796, 800 (Minn.1984). We conclude the corroborating evidence was adequately supportive because it showed elements of the offense sufficient to support a verdict convicting appellant of aiding a forgery. The jury's verdict was reasonable on the state's evidence.

Mere presence during a single forgery by personal check would not establish a strong inference of knowing participation. Here, however, there was a series of forgeries committed during a joint trip through a town distant from defendant's residence. Williams, who could have been expected to share some expenses with Rathman, paid nothing and shared in shopping activity and in most of the fruits of the crime. *See State v. Mathiasen,* 267 Minn. 393, 399, 127 N.W.2d 534, 539 (1964) (possession of fruits of crime is corroborative of accomplice testimony).

Appellant contends his situation is analogous to that of the father in a welfare fraud case whose presence in the home makes the welfare recipient's representations false. *See State v. Stoffel,* 392 N.W. 2d 547, 548 (Minn.1986) (evidence insufficient to sustain conviction for aiding and abetting). Like the forging of a personal check, the completion of a welfare fraud is a private act which the defendant cannot be presumed to know simply because he lives with, or is in the presence of, the person making the representation. *Stoffel,* however, involved the sufficiency of the evidence to convict, not corroboration of an accomplice. It is not clear that Stoffel's presence in the home, awareness of AFDC benefits, and share in those benefits would not have been sufficient to corroborate the mother's testimony he knew of the fraud.

Rathman's testimony that she did not buy the audio equipment for Williams' birthday was contradicted by the store clerk, a neutral witness. Williams' testimony that he was concerned with Rathman's prior overdrafts on her own account was corroborated by his choice of the least expensive "gifts." These issues, however, are related not to the question of corroboration, but to the general credibility of the witnesses, which was for the jury to determine. As an accomplice, Rathman was a suspect witness, and the jury was instructed her testimony had to be corroborated. *See Jones,* 347 N.W.2d at 801.

The state contends the fact Williams was considerably older than Rathman (34 years compared to 19), established he was in a position of authority over her. The age difference did not, however, support an inference of specific knowledge of the forgery. *Cf. State v. Strimling,* 265 N.W.2d at 429 (defendants' professional expertise indicated their awareness of the falsity of nursing home reports).

## DECISION

The evidence tended sufficiently to corroborate the accomplice's testimony, and the record shows adequate proof of facts to justify a guilty verdict.

Affirmed.