*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1476**

State of Minnesota,
Respondent,

vs.

Melvin Matthew Willems,
Appellant.

**Filed May 18, 2015
Affirmed
Reyes, Judge**

Kandiyohi County District Court
File No. 34CR13796

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Aaron P. Welch, Assistant County Attorney, Willmar, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate State Public Defender, Rachel F. Bond, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant Melvin Willems argues that his test-refusal conviction must be reversed because Minnesota's test-refusal statute is unconstitutional. We affirm.

## FACTS

On October 2, 2013, Deputy Josiah Puckett was driving northbound on Highway 71 when he noticed a vehicle driving 45 miles per hour in a 60 mile per hour zone. The vehicle eventually slowed to 21 miles per hour and drove through an intersection while partially positioned in a turn-only lane. The vehicle continued northbound at 30 miles per hour and began weaving within the vehicle's lane of traffic. These observations led Deputy Puckett to initiate a traffic stop.

Deputy Puckett identified the driver as Willems. When speaking with Willems, Deputy Puckett detected the odor of alcohol from the interior of the vehicle and noted that Willems had bloodshot, watery eyes and slurred speech. Willems told Deputy Puckett that he was driving slowly because he was lost, but admitted that he had drank a couple of beers, with the last one being consumed approximately one hour earlier.

Suspecting that Willems was under the influence of alcohol, Deputy Puckett requested that Willems participate in a Horizontal Gaze Nystagmus (HGN) test. Willems failed the HGN test. Deputy Puckett explained and demonstrated the Walk and Turn test, but Willems stated that he could not complete it. Deputy Puckett next asked Willems to participate in a Preliminary Breath Test (PBT) and Willems agreed to provide a breath sample. However, before the PBT could be administered, Willems attempted to complete the Walk and Turn test despite the fact that Deputy Puckett was not in the process of administering it. Deputy Puckett requested that Willems return to the patrol vehicle so that the PBT could be completed. At that time, Willems refused to provide a sample.

Deputy Puckett arrested Willems on probable cause for driving while impaired (DWI) and transported him to the Kandiyohi County Jail, where he read Willems Minnesota's Implied Consent Advisory. Willems stated that he understood the advisory but would not participate in the breath test. After the refusal, Willems was charged with one count of third-degree refusal to submit to chemical testing (count one) and one count of fourth-degree DWI (count two).

Willems moved to dismiss count one on the basis that Minnesota's test-refusal statute is unconstitutional. The district court denied the motion. Following a trial on stipulated facts under Minn. R. Crim. P. 26.01, subd. 4 and *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980), the district court found Willems guilty on count one. Count two was dismissed as part of the *Lothenbach* agreement. This appeal follows.

## DECISION

The constitutionality of a statute is a question of law that this court reviews de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). The reviewing court presumes that statutes are constitutional and will strike down a statute only if absolutely necessary. *State v. Wiseman*, 816 N.W.2d 689, 692 (Minn. App. 2012). "[A] party challenging the constitutionality of a statute must demonstrate beyond a reasonable doubt that the statute violates a constitutional provision." *State v. Cox*, 798 N.W.2d 517, 519 (Minn. 2011). "[T]o challenge successfully the constitutional validity of a statute, the challenger bears the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Merrill*, 450 N.W.2d 318, 321 (Minn. 1990).

Willems was convicted of gross-misdemeanor test refusal, which is defined as the "refus[al] to submit to a chemical test of the person's blood, breath, or urine." Minn. Stat. § 169A.20, subd. 2 (2012). The test-refusal statute criminalizes refusal to submit to testing authorized under the implied-consent statute, which states that anyone who drives a motor vehicle consents "to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol." Minn. Stat. § 169A.51, subd. 1(a) (2012). The implied-consent and test-refusal statutes only take effect when police officers have probable cause to believe a person was driving while impaired and the person has been lawfully arrested for DWI. *See id.*, subd. 1(b) (2012).

The federal and state constitutions protect citizens against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. The ultimate measure of a permissible government search under the Fourth Amendment is "reasonableness." *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652, 115 S. Ct. 2386, 2390 (1995). Blood, breath, and urine tests are searches under the Fourth Amendment. *See Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989); *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013). "[W]arrantless searches are presumptively unreasonable unless one of 'a few specifically established and well-delineated exceptions' applies." *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011) (quoting *State v. Licari*, 659 N.W.2d 243, 250 (Minn. 2003)).

Willems argues that Minnesota's test-refusal statute—section 169A.20, subdivision 2—violates his right to due process because it criminalizes his Fourth Amendment right to refuse an unconstitutional, warrantless search. Because Willems

4

bases his due-process argument on a Fourth Amendment violation, we first decide whether a warrantless search of Willems's breath would have been constitutional under the Fourth Amendment. *See State v. Bernard*, 859 N.W.2d 762, 766 (Minn. 2015) ("Because Bernard bases his due process argument on a Fourth Amendment violation, we turn first to the question of whether a warrantless search of Bernard's breath would have been constitutional under the Fourth Amendment.").

I.      **Constitutionality of a warrantless search of Willems's breath**

The Minnesota Supreme Court's opinion in *Bernard* is dispositive. In *Bernard*, the defendant was charged with two counts of first-degree test refusal for his refusal to submit to a breath test subsequent to his arrest for suspicion of DWI. *Id*. at 764-65. The supreme court upheld the constitutionality of Minnesota's test-refusal statute as it applied to Bernard's case, concluding that a warrantless breath test would not have violated the Fourth Amendment because it would have qualified as a search incident to Bernard's valid arrest. *Id*. at 767. The same reasoning applies here.

Under the search-incident-to-arrest exception, an officer may search a suspect when the officer has probable cause to arrest the suspect. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009). Probable cause to arrest exists when "the objective facts are such that under the circumstances a person of ordinary care and prudence [would] entertain an honest and strong suspicion that a crime has been committed." *State v. Johnson*, 314 N.W.2d 229, 230 (Minn. 1982) (quotation omitted). Here, Deputy Puckett observed Willems drive exceedingly slow, use a turn-only lane when driving through an intersection, and weave within his lane of traffic. Deputy Puckett then

5

detected the odor of alcohol, bloodshot and watery eyes, and slurred speech. Willems subsequently admitted to drinking a couple of beers and failed the HGN test. Accordingly, Deputy Puckett possessed the requisite probable cause to arrest Willems for suspicion of DWI, and Willems does not contend otherwise.

Because Deputy Puckett had probable cause to arrest Willems, a warrantless breath test would have been constitutional as a search incident to a valid arrest. *Bernard*, 859 N.W.2d at 767. Moreover, Willems's reliance on *Missouri v. McNeely*, 133 S. Ct. 1552, 1556 (2013), is misplaced because *McNeely* only addressed the single-factor exigency exception to the warrant requirement and the Minnesota Supreme Court declined to extend *McNeely* to the search-incident-to-arrest exception. *Id.* at 772 ("*McNeely* does not foreclose our decision regarding the search-incident-to-arrest exception to the warrant requirement.").

Willems also argues that the test-refusal statute violates the unconstitutional-conditions doctrine. The unconstitutional-conditions doctrine prevents the state from conditioning privileges on the relinquishment of constitutional rights. *Frost v. Railroad Comm'n*, 271 U.S. 583, 592-94, 46 S. Ct. 605, 606-07 (1926). The test-refusal statute does not violate the unconstitutional-conditions doctrine because "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Brooks*, 838 N.W.2d at 570. "Although refusing the test comes with criminal penalties . . . the [s]upreme [c]ourt has made [it] clear that while the choice to submit or refuse to take [a] chemical test 'will not be an easy or pleasant one for a suspect to make,' the criminal process 'often requires suspects and defendants

6

to make difficult choices.'" *Id.* at 571 (citing *South Dakota v. Neville*, 459 U.S. 553, 564, 103 S. Ct. 916, 923 (1983)). The fact that refusal is a crime does not render the Minnesota implied-consent law unconstitutional. *Id.* at 572-73; *see also Stevens v. Comm'r of Pub. Safety*, 850 N.W.2d 717, 731 (Minn. App. 2014) (concluding, in a civil context, that Minnesota's implied-consent law does not violate the unconstitutional-conditions doctrine). Thus, the unconstitutional-conditions doctrine does not apply.

## II. Willems's substantive due-process challenges

The Due Process Clauses of the United States and Minnesota Constitutions "prohibit 'certain arbitrary, wrongful government actions, regardless of the fairness of the procedures used to implement them.'" *Boutin v. LaFleur*, 591 N.W.2d 711, 716 (Minn. 1999) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S. Ct. 975, 983 (1990)). Because a search of Willems's breath would have been constitutional under the search-incident-to-arrest exception, no fundamental right is implicated here. *See Bernard*, 859 N.W.2d at 773 (concluding that Bernard did not have a fundamental right to refuse a constitutional search).

Because no fundamental right is implicated, we apply a rational-basis review to assess the constitutionality of the test-refusal statute. *Id.* at 773 ("If a statute does not implicate a fundamental right, we assess its constitutionality using rational basis review."). To survive rational-basis review, a statute must not be "arbitrary or capricious" and will be upheld so long as it is "a reasonable means to a permissive object." *Id.* The Minnesota Supreme Court has held that "the state has a compelling interest in highway safety justifying efforts to keep impaired drivers off the road."

7

*Bendorf v. Comm'r of Pub. Safety*, 727 N.W.2d 410, 417 (Minn. 2007). The supreme court has also held that "it is rational to conclude that criminalizing the refusal to submit to a breath test relates to the [s]tate's ability to prosecute drunk drivers and keep Minnesota roads safe." *Bernard*, 859 N.W.2d at 774. Because the test-refusal statute is a reasonable means to a permissive object, it passes rational-basis review. *State v. Behl*, 564 N.W.2d 560, 567 (Minn. 1997). Thus, Willems's due-process rights were not violated.

**Affirmed.**