*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1919**

State of Minnesota,
Respondent,

vs.

Aamir Karmoeddien,
Appellant.

**Filed December 7, 2015
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CR146894

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Minneapolis, Minnesota; and

Michael J. Colich, Brooklyn Park City Attorney, Amanda J. Grossman, Assistant City Attorney, Colich & Associates, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Rodenberg, Judge.

**REYES**, Judge

Appellant argues that the police officer lacked an objective basis to stop his vehicle and that his test-refusal conviction must be reversed because Minnesota's test-refusal statute is unconstitutional.  We affirm.

**FACTS**

On the evening of March 13, 2014, Brooklyn Park Police Officer Nicholas Joe Courtwright (the officer) observed a 2002 Lincoln LS driven by appellant, Aamir Karmoeddien, approximately 25-50 yards in front of him travelling westbound on Brookdale Drive.  The officer testified that the vehicle caught his attention because it weaved within its lane two to three times within 30 to 60 seconds and crossed over the fog line.  He also stated that he noticed "suspended objects from [the] rearview mirror."  The officer's squad-car video camera shows appellant's vehicle weaving from side to side two to three times and crossing over the fog line, with a visible object hanging from the rearview mirror.

The officer testified that when appellant rolled down the window, he observed an "odor of alcoholic beverage coming from inside the vehicle," which intensified as appellant looked up and spoke to him.  He also stated that appellant had bloodshot and glossy eyes.  Appellant refused to perform field sobriety tests or submit to a preliminary breath test.  The officer placed appellant under arrest on suspicion of DWI and transported him to the Brooklyn Park Police Department.

The officer read appellant the Minnesota implied-consent advisory and then gave him a phone and phone books to contact an attorney. He asked appellant whether he would submit to a breath test, and appellant refused.

The state charged appellant with second-degree test refusal in violation of Minn. Stat. § 169A.20, subd. 2 (2012); second-degree driving while impaired in violation of Minn. Stat. § 169A.20, subd. 1(1) (2012); having an open bottle of alcohol in the vehicle in violation of Minn. Stat. § 169A.35, subd. 3(2012)[1]; and providing a peace officer with a false name in violation of Minn. Stat. § 609.506, subd. 1 (2012). Appellant moved to dismiss the charges and suppress evidence obtained during the traffic stop, arguing that the officer lacked a reasonable basis for the traffic stop. Appellant also moved to dismiss the test-refusal count, arguing that Minnesota's test-refusal statute is unconstitutional. The district court denied both motions. The jury found appellant guilty of the first three counts and acquitted him of providing a peace officer with a false name. This appeal follows.

## D E C I S I O N

## I. The district court did not err in holding that the officer had a reasonable articulable suspicion justifying the traffic stop.

Appellant argues that the district court erred by concluding that the officer had a reasonable articulable suspicion to support his stop, and therefore erred by denying appellant's motion to suppress evidence obtained as a result of the stop. "When reviewing a pretrial order on a motion to suppress evidence, we may independently

---

[1] The open bottle of alcohol charge is not argued on appeal. As such, the facts regarding this charge have been omitted.

review the facts and determine whether, as a matter of law, the district court erred in suppressing or not suppressing the evidence." *State v. Askerooth*, 681 N.W.2d 353, 359 (Minn. 2004). This court "accept[s] the district court's factual findings unless they are clearly erroneous." *State v. Smith*, 814 N.W.2d 346, 350 (Minn. 2012). "Findings of fact are clearly erroneous if, on the entire evidence, [the court is] left with the definite and firm conviction that a mistake occurred." *State v. Diede*, 795 N.W.2d 836, 846-47 (Minn. 2011).

The United States and Minnesota Constitutions guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. These rights under the Fourth Amendment extend to searches of motor vehicles. *See State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000).

However, "an officer may, "consistent with the Fourth Amendment, conduct a brief, investigatory stop" of a motor vehicle provided that "the officer has a reasonable, articulable suspicion that criminal activity is afoot." *State v. Timberlake*, 744 N.W.2d 390, 393 (Minn. 2008) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 675 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884–85 (1968))). This court reviews de novo a district court's determination of whether there was reasonable suspicion to justify a stop. *Britton*, 604 N.W.2d at 87. But this court reviews the factual findings underlying that determination for clear error. *State v. Lee*, 585 N.W.2d 378, 383 (Minn. 1998). Reasonable suspicion exists if, "in justifying the particular intrusion the police officer [is] able to point to specific and articulable facts which, taken together with

rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21, 88 S. Ct. at 1880.

The supreme court has held that an officer's observation of a minor traffic violation can support the officer's reasonable suspicion to justify the stop of a vehicle. *See State v. George*, 557 N.W.2d 575, 578 (Minn. 1997) ("Ordinarily, if an officer observes a violation of a traffic law, however insignificant, the officer has an objective basis for stopping the vehicle.").

Here, the district court concluded that the officer had a reasonable articulable suspicion to justify stopping the vehicle based on the officer's observation that appellant's vehicle "sufficiently" went over the fog line and because there was "an item hanging from the rearview mirror." Both of these observations are traffic violations. Minn. Stat. §§ 169.18, subd. 7(a), .71, subd 1(2) (2012). Therefore, the officer had reasonable articulable suspicions to stop appellant's vehicle.

**II.    The district court did not err in holding that Minnesota's test-refusal statute is constitutional.**

Appellant argues that Minnesota's test-refusal statute violates his right to substantive due process because it criminalizes his Fourth Amendment right to refuse a warrantless search. Minn. Stat. § 169A.20, subd. 2, ("It is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine under section 169A.51 (chemical tests for intoxication), or 169A.52 (test refusal or failure; revocation of license)."). Appellant further contends that the test-refusal statute violates the unconstitutional-conditions doctrine.

5

The constitutionality of a statute is a question of law that this court reviews de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013) (quotation omitted). The reviewing court presumes that statutes are constitutional and will strike down a statute only if absolutely necessary. *State v. Melde*, 725 N.W.2d 99, 102 (Minn. 2006). "[A] party challenging the constitutionality of a statute must demonstrate beyond a reasonable doubt that the statute violates a constitutional provision." *State v. Cox*, 798 N.W.2d 517, 519 (Minn. 2011).

Because appellant bases his substantive due-process argument on a Fourth Amendment violation, we first decide whether a warrantless search of appellant's breath would have been constitutional under the Fourth Amendment. *See State v. Bernard*, 859 N.W.2d 762, 766 (Minn. 2015). Appellant's argument is unavailing in light of the Minnesota Supreme Court's recent decision in *Bernard*.

In *Bernard*, the supreme court held that a warrantless breath test of the driver is constitutional under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement. *Id.* at 772. The supreme court upheld the constitutionality of Minnesota's test-refusal statute as it applied to Bernard's case, concluding that a warrantless breath test did not violate the Fourth Amendment because it qualifies as a search incident to Bernard's valid arrest. *Id.*

Under the search-incident-to-arrest exception, an officer may search a suspect when the officer has probable cause to arrest the suspect. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716 (2009). Probable cause to arrest exists when "the objective facts are such that under the circumstances a person of ordinary care and prudence

6

[would] entertain an honest and strong suspicion that a crime has been committed." *State v. Johnson*, 314 N.W.2d 229, 230 (Minn. 1982) (quotation omitted). Here, the officer observed an item hanging from appellant's rearview mirror and observed appellant cross over the fog line. He then detected the odor of alcohol emanating from appellant and observed appellant's bloodshot and glossy eyes. Accordingly, the officer possessed the requisite probable cause to arrest appellant for suspicion of DWI.

Because the officer had probable cause to arrest appellant, a warrantless breath test would have been constitutional as a search incident to a valid arrest. *See Bernard*, 859 N.W.2d at 767. Moreover, appellant's reliance on *McNeely*, 133 S. Ct. 1552, 1556 (2013), is misplaced. *McNeely* only addressed the single-factor exigency exception to the warrant requirement and the Minnesota Supreme Court declined to extend *McNeely* to the search-incident-to-arrest exception. *Bernard*, 859 N.W.2d at 772 ("*McNeely* does not foreclose our decision regarding the search-incident-to-arrest exception to the warrant requirement.").

Appellant also argues that the test-refusal statute violates the unconstitutional-conditions doctrine "because it compels the surrender of the constitutional right to withhold consent to a warrantless search as a condition of driving." This court recently held that "Minnesota's test-refusal statute does not violate the unconstitutional-conditions doctrine by imposing a criminal penalty on a person who has been arrested for driving while impaired and has refused to submit to a breath test." *State v. Bennett*, 867 N.W.2d 539, 540 (Minn. App. July 27, 2015). Appellant's unconstitutional-conditions challenge fails under *Bennett*.

In sum, appellant's argument that the government violated his right to due process by threatening him with unauthorized criminal prosecution for test refusal fails because application of the criminal test-refusal statute in this case would not have violated appellant's right to substantive due process and because the test-refusal statute does not violate the unconstitutional-conditions doctrine.

**Affirmed.**