**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert SPEARMAN, Jr.,
Defendant-Appellant.**

No. 75–3308.

United States Court of Appeals,
Ninth Circuit.

March 4, 1976.

Terry Amdur, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before WRIGHT, CHOY and KENNEDY, Circuit Judges.

PER CURIAM:

Spearman was convicted on six counts of a seven-count indictment for possession of stolen mail, 18 U.S.C. § 1708. The sole

question on appeal is whether the district court properly denied a motion to suppress the stolen checks forming the basis for his conviction. We affirm.

On April 14, 1975, a Pasadena municipal court magistrate issued a search warrant for the persons of Spearman and an accomplice, an apartment located in Pasadena, and a 1973 Cadillac convertible registered in Spearman's name. The affidavit in support of the search warrant request related circumstances under which a previously reliable informant made a controlled heroin purchase from Spearman at his Pasadena apartment. The police officer's affidavit also stated that he had seen both Spearman and his accomplice in the Cadillac on numerous occasions, but there was no specific information that any heroin was ever seen in the automobile. The affidavit concluded: "It is commonplace for dealers of heroin to have heroin that is packaged for sale in the place where they live or sell from, in their vehicles or on their persons."

On April 22, Spearman was arrested while driving his Cadillac. Pursuant to the warrant, the car was searched. In the rear bumper police found both heroin and seven checks stolen from the mail.

On this appeal, Spearman challenges the validity of the warrant insofar as it authorized a search of his automobile. He contends that there was no evidence that his heroin dealing in the Pasadena apartment was in any way connected with the automobile.

We recognize that probable cause to believe a person is guilty of a crime does not always constitute probable cause to search any property belonging to him. However, we have upheld many searches where

> the nexus between the items to be seized and the place to be searched rested not on direct observation . . . but on the type of crime, the nature of the missing items, the extent of the suspect's opportunity for concealment, and normal inferences as to where a criminal would be likely to hide stolen property.

*United States v. Lucarz,* 430 F.2d 1051, 1055 (9th Cir. 1970) (citations omitted). *See also United States v. Mulligan,* 488 F.2d 732, 736 (9th Cir. 1973), *cert. denied,* 417 U.S. 930, 94 S.Ct. 2640, 41 L.Ed.2d 233 (1974); *United States v. Mahler,* 442 F.2d 1172, 1174–75 (9th Cir.), *cert. denied,* 404 U.S. 993, 92 S.Ct. 541, 30 L.Ed.2d 545 (1971).

In this case, direct observation connected Spearman's heroin sales only with his apartment. However, affidavits for search warrants must be interpreted in a commonsense fashion. *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684, 688 (1965). We believe the magistrate was justified in inferring probable cause that Spearman would also have heroin concealed in his automobile. Accordingly, we conclude that the search warrant was valid and that the district court properly denied the motion to suppress.

AFFIRMED.