**STATE of Iowa, Appellee,**

v.

**Blaine FREEMAN, Appellant.**

No. 04–0782.

Supreme Court of Iowa.

Sept. 23, 2005.

violation of Iowa Code sections 124.401(1)(c) and 124.411 (2003) and his conviction for possession of marijuana, third offense, in violation of Iowa Code section 124.401(5). Freeman argues that the State violated the Fourth Amendment to the United States Constitution by conducting an illegal search of his vehicle and that the sentence imposed by the district court is illegal. We hold the State did not violate the Fourth Amendment because the search of Freeman's vehicle was incident to a lawful arrest. We reverse the sentence imposed, however, because the district court did not properly apply Iowa Code section 124.401(5). We, therefore, vacate his sentence and remand for resentencing.

## I. Background Facts and Proceedings.

On November 3, 2003, while at a convenience store, a police officer observed Freeman and a male companion enter the store. The officer believed the man with Freeman to be similar in appearance to that of a robbery suspect reportedly armed with a knife from several recent armed robberies in the area. The officer called for assistance. After the officers arrived, they asked Freeman and his companion to exit their vehicle, which by this time the two men had entered. The officers searched both men. They found a fixed blade knife in a sheath in Freeman's back pants pocket. Until this point, Freeman was cooperative and had given the officers permission to search his vehicle. When an officer asked Freeman what was in a black leather case located under the driver's seat, Freeman became agitated and defensive. At this point in the confrontation, the officers arrested Freeman and took him into custody for carrying a knife with a blade exceeding five inches in violation of Iowa

Linda Del Gallo, State Appellate Defender, and Tricia A. Johnston and Greta Truman, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.

WIGGINS, Justice.

Blaine Freeman appeals his conviction for possession of methamphetamine with the intent to deliver, second offense, in

Code section 724.4(3)(*b*).[1] The officers handcuffed Freeman and placed him in a patrol car where a search of his person revealed narcotics and cash. The officers then searched Freeman's vehicle and found a digital scale, several plastic baggies, and a short-cut straw. Later at the police station, when the officers measured the knife, they found the blade to be only four-and-a-half inches in length. The State never charged Freeman with a weapons violation.

The State filed drug charges against Freeman. The State charged Freeman in count I with possession with intent to deliver methamphetamine under Iowa Code section 124.401(1)(*c*) and alleged Freeman was subject to the enhanced sentencing provisions of section 124.411 because he was previously convicted of the offense of delivery of a controlled substance. Alternatively in count I, the State charged Freeman with possession of methamphetamine, third offense, under section 124.401(5). In count II, the State charged Freeman with possession of marijuana, third offense, under section 124.401(5). Section 124.401(5) requires that "[a] person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter . . . is guilty of a class 'D' felony." Iowa Code § 124.401(5).

Freeman filed a motion to suppress the drug evidence seized as a result of the search of his vehicle. He argued the officers did not have probable cause to search his vehicle, and the search violated the Fourth Amendment. The district court overruled Freeman's motion to suppress. The case proceeded to trial on the minutes.

The district court found Freeman guilty under count I for possession of methamphetamine with intent to deliver and determined he was subject to the enhanced sentencing provisions of section 124.411 because he was previously convicted of the offense of delivery of a controlled substance. The court also found Freeman guilty under count II for possession of marijuana, third offense, because the court found he had previously been convicted two or more times for violations of chapter 124. The district court ordered Freeman to serve an indeterminate term of ten years on count I and an indeterminate term of five years on count II, the terms running concurrently with each other, but consecutive to a sentence entered in a separate criminal case.[2]

Freeman does not appeal his sentence under count I for possession with intent to deliver methamphetamine. However, he claims his sentence under count II for possession of marijuana is illegal because the district court should have counted his two prior convictions as only one conviction for purposes of enhancing his sentence. Freeman points out the first of the two prior convictions used by the district court occurred in Fayette County, where the court entered judgment and sentence on April 21, 1992 after Freeman pled guilty to possession of cocaine. The second of the two prior convictions occurred in Buchanan County, where Freeman pled guilty to delivery of marijuana for acts committed on September 21, 1991. The court entered judgment and sentence in that case on May 4, 1992. The sentencing

1. The Iowa Code makes carrying a knife with a blade over five inches in length but less than or equal to eight inches in length a serious misdemeanor. Iowa Code § 724.4(3)(*b*) (2003).

2. Freeman appealed the sentence in the separate criminal case claiming the district court illegally sentenced him for the same reasons he urges in this appeal. *State v. Freeman*, 705 N.W.2d 286 (Iowa 2005).

orders indicated the sentences for both convictions were to run concurrently.

## II. Issues.

Freeman raises two issues on appeal: (1) whether the officers violated the Fourth Amendment when they searched his vehicle and found the drug evidence; and (2) whether the district court correctly sentenced Freeman on the possession of marijuana conviction in accordance with Iowa Code section 124.401(5) based on its findings Freeman had previously been convicted two or more times for violating chapter 124.

## III. Analysis.

*A. Did the officers violate the Fourth Amendment when they searched Freeman's vehicle and found the drug evidence?*

Freeman alleges the district court should have granted his motion to suppress based on the Fourth Amendment; therefore, our review is de novo. *State v. Carter,* 696 N.W.2d 31, 36 (Iowa 2005). "Under this review, we 'make an independent evaluation of the totality of the circumstances as shown by the entire record.'" *State v. Turner,* 630 N.W.2d 601, 606 (Iowa 2001) (citation omitted). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of witnesses, but we are not bound by those findings." *Id.*

The Fourth Amendment to the United States Constitution assures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The Fourteenth Amendment of the federal constitution makes the Fourth Amendment binding on the states." *Carter,* 696 N.W.2d at 37. Warrantless searches and seizures are per se unreasonable, unless one of the few carefully drawn exceptions to the warrant requirement exists. *State v. Lewis,* 675 N.W.2d 516, 522 (Iowa 2004). "Exceptions recognized by this court are searches based on consent, plain view, probable cause coupled with exigent circumstances, searches incident to arrest, and those based on the emergency aid exception." *Id.* The State has the burden to prove by a preponderance of the evidence that a recognized exception to the warrant requirement is applicable. *State v. Cadotte,* 542 N.W.2d 834, 836 (Iowa 1996), *abrogated on other grounds by Turner,* 630 N.W.2d at 606 n. 2. Evidence obtained in violation of the Fourth Amendment is inadmissible in a prosecution, "no matter how relevant or probative the evidence may be." *State v. Manna,* 534 N.W.2d 642, 643–44 (Iowa 1995). We base our assessment of a law enforcement officer's conduct on an objective standard. *State v. Hofmann,* 537 N.W.2d 767, 770 (Iowa 1995). The legality of the search does not depend on the actual motivations of the law enforcement officers involved in the search. *State v. Heminover,* 619 N.W.2d 353, 361 (Iowa 2000), *abrogated on other grounds by Turner,* 630 N.W.2d at 606 n. 2.

Freeman concedes the officers had reasonable suspicion justifying the investigatory stop. *See Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968) (holding an officer may make an investigatory stop based on reasonable suspicion). Freeman also concedes the officers were justified in patting him down for weapons. *See id.* at 24, 88 S.Ct. at 1881, 20 L.Ed.2d at 907–08 (holding an officer may conduct a pat down search of an individual whose suspicious behavior is being investigated to determine if the individual is carrying a weapon). However, Freeman does not concede the search of the vehicle was incident to a lawful arrest.

He argues, because it was not illegal for him to carry a knife with a blade less than five inches, the officers did not have probable cause to arrest him for violating Iowa Code section 724.4(3)(*b*).

Iowa Code section 804.7(3) allows a peace officer to make an arrest without a warrant "[w]here the peace officer has reasonable ground for believing that an indictable public offense has been committed and has reasonable ground for believing that the person to be arrested has committed it." The "'reasonable ground for belief'" standard within section 804.7(3) is tantamount to probable cause. *State v. Harris,* 490 N.W.2d 561, 563 (Iowa 1992). Probable cause is present "if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus,* 459 N.W.2d 619, 624 (Iowa 1990). If there is probable cause to arrest a person, then a search of the person arrested and the area within the person's immediate control is lawful. *See State v. Canas,* 597 N.W.2d 488, 492 (Iowa 1999) (stating "[t]he United States Supreme Court has previously recognized there is ample justification for the search of an arrestee's person and the area within his or her immediate control"), *abrogated on other grounds by Turner,* 630 N.W.2d at 606 n. 2; *State v. Morris,* 227 N.W.2d 150, 152 (Iowa 1975) (stating that a "warrantless search of the person is permissible, within limits, if effected pursuant to a lawful arrest," but that "for the arrest to justify a related search it must be based upon probable cause").

The Minnesota Supreme Court considered a fact pattern similar to the one presented by this case. *State v. Johnson,* 314 N.W.2d 229 (Minn.1982). There the officers arrested the defendant for violating a city ordinance making it illegal to carry a knife over four inches long. *Id.* at 230. Once at the station, the officers measured the knife and determined it was only three inches long. *Id.* The Minnesota court stated, "the officers who arrested [the] defendant had to make their probable cause assessment in the field and on the spot, without the benefit of a ruler." *Id.* at 231. Based on this proposition, as well as the fact that another officer testified at trial that he actually had to measure the knife to determine for certain that it was not in excess of four inches, the court held the officers acted reasonably. *Id.* Further, the court noted that although it later turns out that the officers were mistaken in their belief that a crime had been committed, it "does not mean that they did not have probable cause at the time they made their assessment." *Id.* at 230.

Applying these principles to the facts of this case, we note the officer who removed the knife from Freeman testified that his examination of the knife led him to believe the blade was at least five inches in length. Moreover, at the time the officer examined the knife, he was in the process of investigating a potential armed robbery involving two suspects. The officers did not determine the knife's blade was four-and-a-half inches in length until they returned to the station and measured the blade.

Even if the officer had a ruler in his possession at the time of the investigation, he was not required to abandon his investigation to measure the blade of the knife. Rather, the officer was required to use his best judgment to make an on-the-spot determination as to the length of the blade. Our examination of the knife confirms that an officer in the field in the midst of investigating a potential armed robbery could have reasonably believed the blade was at least five inches in length. Accord-

ingly, under the totality of the circumstances, the officer acted reasonably in believing that the blade of the knife was at least five inches long and that Freeman was committing a crime by having the knife in his possession. Simply because it was later determined the knife Freeman was carrying was less than five inches in length does not mean the arrest was invalid. *See* 2 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 3.2(d) (4th ed. 2004) (stating "[a]n otherwise valid arrest is not rendered illegal by the fact that it turns out the arrestee is innocent").

Consequently, the search of Freeman's vehicle was incident to a lawful arrest based upon probable cause. Therefore, we affirm the district court order overruling Freeman's motion to suppress.

*B. Did the district court correctly sentence Freeman on the possession of marijuana conviction in accordance with Iowa Code section 124.401(5) based on its findings Freeman had previously been convicted two or more times for violating chapter 124?*

 Freeman advanced this same argument in his appeal of a separate criminal case. *State v. Freeman,* 705 N.W.2d 286, 291 (Iowa 2005). There we held "the district court should not have considered Freeman as a third offender, because he did not commit his second offense after his first conviction." *Id.* The same result is required in the present case because the offenses and convictions used by the district court to enhance Freeman's penalty in the separate case are the same offenses used by the district court to enhance the penalty in this case. *Id.* at 287, 291. Accordingly, the sentencing court should not have considered Freeman as a third offender in this case because he committed his second offense before his first conviction.

## IV. Disposition.

We affirm the district court order overruling Freeman's motion to suppress because the search was incident to a lawful arrest. We vacate Freeman's sentence, however, and remand the case for resentencing consistent with this opinion.

**AFFIRMED IN PART, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

All justices concur except CARTER and LARSON, JJ., who concur in part and dissent in part.

CARTER, J. (concurring in part and dissenting in part).

I concur in the portion of the opinion that affirms defendant's conviction. I dissent from the portion of the opinion that vacates defendant's sentence for the reasons expressed in my dissent in *State v. Freeman,* 705 N.W.2d 286 (Iowa 2005) (filed today).

LARSON, J., joins this concurrence in part and dissent in part.