**IN THE COURT OF APPEALS OF IOWA**

No. 17-0648
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GREGORY FRANCIS TENNANT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson (trial),

Judge, and Mark R. Fowler (pre-trial), District Associate Judge.

Defendant appeals his convictions for possession of a controlled substance,

marijuana, and operating without registration. **AFFIRMED.**

Thomas A. Hurd of Glazebrook & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Gregory Tennant was convicted of possession of marijuana, in violation of Iowa Code section 124.401(5) (2016), and operating without registration or without certificate of title, in violation of Iowa Code section 321.98(1)(a), a simple misdemeanor. The defendant filed notices of appeal following the entry of judgment for both convictions. The supreme court treated Tennant's notice of appeal from the misdemeanor conviction as an application for discretionary review, granted the application, and ordered the cases be consolidated into this appeal. On appeal, Tennant maintains the district court violated his right to speedy trial and erred in denying his motion to suppress evidence. In a pro per brief, Tennant raises several additional claims.

This case arose out of what should have been a fairly routine police-citizen encounter. Police officers responded to a report that a large group of motorcyclists were driving dangerously throughout the city and that one of the motorcyclists may have assaulted a motorist. The officers located the motorcyclists, many of whom were in costumes, at a local gas station. One officer observed a man, now known to be Tennant, dressed in a Super Mario costume, putting gas into a motorcycle. The motorcycle did not have a license plate. The officer approached Tennant to inquire further. Tennant stated he did not talk to police and ignored the officer. Tennant refused to identify himself, refused to answer questions regarding the motorcycle, and refused to explain the lack of license plate or registration for the motorcycle. The officer arrested Tennant for the registration plate violation and for harassment for refusing to provide information regarding his identity. At the police station, the officer searched Tennant incident to arrest and discovered a baggie of

marijuana in Tennant's pant pocket. Tennant was ultimately charged and convicted for possession of marijuana and operating without registration.

In his first claim of error, Tennant contends the district court erred in overruling his motion to dismiss based on an alleged violation of Tennant's right to speedy trial. Iowa Rule of Criminal Procedure 2.33(2)(b) provides, "If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown." Pursuant to the rule and case law, "a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) 'good cause' for the delay.'" *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005). The good-cause inquiry focuses on "only one factor: the reason for the delay." *Id.* Surrounding circumstances, including the length of the delay, whether the defendant asserted his or her right to a speedy trial, and whether prejudice resulted from the delay are relevant "only to the extent they relate directly to the sufficiency of the reason itself." *Id.* We review the district court's ruling for an abuse of discretion. *See Winters*, 690 N.W.2d at 907. However, the discretion afforded the district court in this circumstance is tightly circumscribed. *See id.* "The discretion to avoid dismissal in a criminal case is limited to the exceptional circumstance where the State carries its burden of showing good cause for the delay." *Id.* at 907–08.

In this case, Tennant was charged by trial information with possession of marijuana on November 16, 2016. Tennant pleaded not guilty and demanded

speedy trial. Tennant's trial was scheduled to commence on December 12, 2016. After Tennant filed a pro se motion to suppress evidence, the district court rescheduled trial for February 6, 2017. At the pretrial conference held on February 2, the State requested a continuance because the State's critical witness, the arresting officer, had a prescheduled vacation. The State sought a trial date one day after the officer's return. This requested trial date, February 27, was thirteen days beyond the speedy-trial deadline. The district court granted the motion to continue over Tennant's objection. The district court scheduled the trial for March due to Tennant's unavailability. The district court concluded the unavailability of the essential witness was sufficient "cause" within the meaning of the rule to grant the State's motion to continue over Tennant's objection.

The district court did not abuse its discretion in denying Tennant's motion to dismiss. Here, the unavailable witness was central to the State's case. The witness was unavailable due to a scheduled vacation and not because of any action attributable to the State. There is no evidence the State waited to disclose this information until the last minute or to prejudice the defendant. The defendant suffered no actual prejudice: the delay was short, only a few weeks beyond the speedy-trial deadline; and the defendant was at liberty. In similar circumstances, the supreme court has recognized the unavailability of a witness constitutes good cause within the meaning of the rule where there is only a short delay in trial. *See State v. McNeal*, 897 N.W.2d 697, 704–05 (Iowa 2017) (finding good cause where key expert witness was unavailable); *State v. Petersen*, 288 N.W.2d 332, 335 (Iowa 1980) (holding absence of witness can be good cause especially when the delay is short and the defendant is not prejudiced). Other states have reached the

same conclusion. *See, e.g., Otte v. State*, 967 N.E.2d 540, 546 (Ind. Ct. App. 2012) ("The absence of a key witness through no fault of the State is good cause for extending the time period requirements. Such absence may be due to a long-planned vacation."); *State v. Workman*, 2008 WL 2020370, at *2 (Minn. Ct. App. May 13, 2008) ("Normally, the unavailability of a witness constitutes good cause for delay."); *Jackson v. State*, 924 So.2d 531, 544 (Miss. Ct. App. 2005) ("In the present case, the State has shown good cause for requesting a continuance because Love was an essential witness, and because Love's failure to appear was not due to any action by the State."); *Commonwealth v. Weaver*, 525 A.2d 785, 788 (Pa. Super. Ct. 1987) ("[W]hen a witness becomes unavailable towards the end of the Rule 1100 run date-due to illness, vacation, or other reason not within the Commonwealth's control, the Commonwealth is prevented from commencing the trial within the requisite period despite due diligence, and an extension of time is warranted."); *State v. Kindell*, 326 P.3d 876, 882 (Wash. Ct. App. 2014) ("Scheduling conflicts such as a preplanned vacation and the unavailability of witnesses constitute valid grounds to continue a trial date under CrR 3.3(f)(2)."); *State v. Grilley*, 840 P.2d 903, 904–05 (Wash. Ct. App. 1992) ("The right to a speedy trial is a significant right. However, if conflicts with previously scheduled vacations of investigating officers could never be considered as a proper basis for a relatively brief continuance beyond the speedy trial period, we doubt that some officer witnesses would ever be able to take vacations."). The district court did not abuse its discretion in denying the motion to dismiss.

In his pro per brief, Tennant argues the district court erred in denying his motion to suppress evidence on the ground the arrest that led to the search of

Tennant's person was invalid. Our review of the denial of a motion to suppress evidence is de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect the right to be free from unreasonable searches and seizures. The touchstone of any search-and-seizure claim is reasonableness under the circumstances presented. *See Pennsylvania v. Mimms*, 434 U.S. 106, 108–09 (1977) ("The touchstone of our analysis under the Fourth Amendment is always the reasonableness in all circumstances of the particular governmental invasion of a citizen's personal security." (citation omitted)); *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002) ("The Fourth Amendment imposes a general reasonableness standard upon all searches and seizures."). A search incident to arrest is reasonable within the meaning of the Fourth Amendment and article I, section 8 of the Iowa Constitution. *See State v. Peterson*, 515 N.W.2d 23, 25 (Iowa 1994) ("[W]e hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973))). A search incident to arrest "allows a police officer 'to search a lawfully arrested individual's person and the immediately surrounding area without a warrant.'" *State v. Christopher*, 757 N.W.2d 247, 249 (Iowa 2008).

Iowa Code section 804.7(3) authorizes a peace officer to make an arrest for a public offense committed in the officer's presence and allows "a peace officer to make an arrest without a warrant [w]here the peace officer has reasonable ground for believing that an indictable public offense has been committed and has

reasonable ground for believing that the person to be arrested has committed it. The 'reasonable ground for belief' standard within section 804.7(3) is tantamount to probable cause." *See State v. Freeman*, 705 N.W.2d 293, 298 (Iowa 2005). "Probable cause is present if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *Id.*

Tennant was arrested for operation without registration in violation of Iowa Code section 321.98 and harassment of a public official in violation of Iowa Code section 718.4. Tennant contends his arrest for harassment was unfounded, but he does not challenge his arrest for the violation of section 321.98. The unchallenged arrest is sufficient grounds authorizing the search incident to arrest. Even if Tennant had challenged the arrest for the violation of section 321.98, the challenge would have failed. Iowa Code section 321.98 provides that "a person shall not operate . . . any vehicle required to be registered and titled under this chapter unless . . . a valid registration card and registration plate or plates issued for the vehicle for the current registration year are attached to and displayed on the vehicle." Here, the officer observed Tennant filling up the gas tank of a motorcycle without a registration plate attached to the vehicle. There were no other potential operators near the motorcycle or Tennant. Upon inquiry, Tennant refused to provide the vehicle registration or any information regarding the vehicle. The officer had probable cause to believe Tennant had and was operating a vehicle without a registration plate attached to the vehicle and had probable cause to arrest Tennant for the same. Because the arrest was lawful, there was no basis

to invalidate the search. The district court did not err in denying the motion to suppress evidence.

Tennant raises several additional arguments in his pro per brief and his pro per reply brief. He challenges the personal and subject matter jurisdiction of the courts. He contends his right to be indicted by a grand jury was violated. He contends there was fraud upon the court because there is no "Corpus Delecti" and no evidence of an injured person. He raises a standing claim. Tennant also contends there was juror misconduct due to one conspiracy related to the criminalization of having a license plate frame that blocks or obscures the county name and a second conspiracy related to a chiropractic college's "appeasement policy of silence on the explosive issue revealing the Risks and Failures of Vaccinations." We have reviewed each of the pro per claims, whether or not explicitly identified herein, and we conclude none provide an entitlement to any relief.

We affirm Tennant's convictions.

**AFFIRMED.**