# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-0471
Filed February 11, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,
v.
**Jessica Joy Ries,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Clay County,
The Honorable Shayne Mayer, Judge.

―――――――――

**AFFIRMED**

―――――――――

Pamela Wingert of Wingert Law Office, Spirit Lake, attorney for appellant.

Brenna Bird, Attorney General, Anagha Dixit (until withdrawal), Assistant Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, attorneys for appellee.

―――――――――

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

Jessica Ries appeals the district court's order denying her motion to suppress. She argues law enforcement's search and seizure of her person lacked probable cause. Upon our review, we affirm the district court's denial of Ries' motion to suppress.

## BACKGROUND FACTS AND PROCEEDINGS

In December 2022, an officer with the Spencer Police Department stopped a red Dodge minivan because the registered owner was believed to have an expired driver's license. Ries was the front-seat passenger in the vehicle. When the driver could not produce the vehicle's registration and insurance information, the officer asked him to exit the vehicle. Ries contacted her sister to give her a ride from the scene.

Once out of the vehicle, officers asked the driver if he or Ries had anything illegal in the vehicle, which the driver denied. At the same time, another officer conducted an open-air drug sniff with a police K-9 which alerted to the presence of narcotics in the van. The officer informed Ries she was not free to leave because they needed to search the van. Ries became upset that she was not free to leave and told officer "just search my [expletive] bags so I can go." She then identified her property for the officer to search. And Ries and the officer then engaged in an extended discussion about her exiting the vehicle and consenting to a search. At multiple times, Ries told officers she did not understand why she needed to be searched if the dog alerted to the vehicle.

After over thirty minutes of conversation with officers, Ries informs them "search my [expletive] pockets. Go ahead." Officers confirmed that she consented and she understood she did not have to give officers consent to

2

search her person.  Officers located marijuana and methamphetamine in Ries pocket.  The entirety of this interaction is captured on the officers' body worn cameras.

The State filed an amended trial information charging Ries with possession of a controlled substance in violation of Iowa Code section 124.401(5) (2022).  Ries filed a motion to suppress alleging (1) the vehicle was stopped without reasonable suspicion, (2) the K-9 search was unconstitutional, and (3) the search of her person was without probable cause or consent.  After a hearing, the district court denied the motion in its entirety.  Ries waived her right to a jury and stipulated to a trial on the minutes of testimony.  The district court convicted Ries and sentenced her to one year in prison with all but two days suspended in favor of probation.  Ries now appeals.

## STANDARD OF REVIEW

We review challenges to a district court's denial of a motion to suppress based on constitutional grounds de novo.  *State v. Cyrus*, 997 N.W.2d 671, 676 (Iowa 2023).  With de novo review, we examine the record and "independently evaluate the totality of the circumstances." *Id.* (citation omitted).  Although we give deference to the district court's factual findings, particularly those involving witness credibility, we are not bound by them. *Id.*

## DISCUSSION

On appeal, Ries argues officers lacked probable cause or consent to search and seize her after the K-9 alerted to the presence of a controlled substance in the vehicle.[1]  The Fourth Amendment and Article I, section 8

---

[1] Ries initially also challenged the stop and K-9 search of the vehicle in district court.  She did not pursue those challenges on appeal.

of the Iowa Constitution protect the right of the people to be free from "unreasonable searches and seizures." Evidence obtained in violation of this provision is inadmissible, "no matter how relevant or probative the evidence may be." *State v. Freeman*, 705 N.W.2d 293, 297 (Iowa 2005) (citation omitted). A warrantless search or seizure is per se unreasonable unless one of the exceptions to the warrant requirement applies. *State v. Bradford*, 620 N.W.2d 503, 506 (Iowa 2000).

"[C]onsensual searches are a well-established exception to the warrant requirement and do not violate the Federal or State Constitution." *State v. Hauge*, 973 N.W.2d 453, 461 (Iowa 2022). But Ries argues her consent was not valid because it was not voluntarily given in light of her contention that she was coerced by being given a choice only between waiting in the cold for a warrant or consenting.[2] *See State v. Reinier*, 628 N.W.2d 460, 465 (Iowa 2001) ("A warrantless search conducted by free and voluntary consent does not violate the Fourth Amendment."); *see also State v. Pals*, 805 N.W.2d 767, 782–83 (Iowa 2011) (considering whether consent to search was voluntary under an article I, section 8 challenge). Our supreme court has explained our analysis of consent as follows:

> Regardless of how the totality-of-the-circumstances test is described, each case requires a conscientious examination of the conditions in which the consent was given with no one condition being dispositive. Going forward, courts should continue to apply our decades of precedent analyzing consent searches under the totality-of-the-circumstances test . . ., which we have held involves considering an unlimited universe of factors, including personal characteristics of the consenter, such as age, education, intelligence, sobriety, and experience with the law; and features of the context in which the consent was given, such as the length of detention or questioning, the substance of any

---

[2] From our review of the record, it is clear Ries was given an opportunity to wait in the squad car by one of the officers while they applied for a search warrant.

> discussion between the consenter and police preceding the consent, whether the consenter was free to leave or was subject to restraint, and whether the consenter's contemporaneous reaction to the search was consistent with consent.

*State v. Hauge*, 973 N.W.2d 453, 468 (Iowa 2022) (cleaned up).

In viewing the totality of the circumstances, we conclude Ries' consent was voluntary. Ries was informed by officers several times that she could refuse consent, and they would instead obtain a warrant. Officers were honest with her regarding the circumstances of the incident informing her the K-9 had indicated the presence of narcotics in the van. Ries was forty-three years old at the time of her arrest and had no problem communicating with officers. When Ries finally gave consent, the officer again reminded her she had the opportunity to refuse and she acknowledged her understanding. Based on the totality of the circumstances, we conclude Ries consented to the search of her person.

Reis appears to also be challenging her continued seizure after her ride came to pick her up. But we find that she has muddled these concepts in her briefing, and we only reach them by assuming without deciding she adequately raised them. That said, we find her reliance on *State v. Stevens* to be off-base in claiming that she needed probable cause for her seizure since only reasonable suspicion is required. *Compare State v. Stevens*, 970 N.W.2d 598, 605 (Iowa 2022) *with In re Pardee*, 872 N.W.2d 384, 392 (Iowa 2015). The dog alert while Ries and her belongings were in the car and her refusal to cooperate with searching her belongings, which officers were thus entitled to do, gave a basis for her continued seizure while they sorted that out and she decided if she wanted to consent or force them to try to get a warrant to search her person.

## CONCLUSION

Because Ries consented to the search of her person, we affirm the district court's denial of Ries' motion to suppress.

**AFFIRMED.**